IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**TRACY RHINE,**

        Plaintiff,

v.                                     **CIVIL ACTION NO. 5:11CV133**
                                              **(BAILEY)**

**TERRY O'BRIEN, Warden,**
**LT. STEVEN GRIMM, LT. MARGIE**
**SERRANO; BRANDEE GAUL, and**
**LT. ROBERT POISSONNIER,**

        Defendants.

## ORDER ADOPTING AMENDED[1] REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before this Court for consideration of the Amended Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 59]. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a report and a recommendation ("R & R"). Magistrate Judge Seibert filed his Amended R&R on September 26, 2012 [Doc. 59]. In that filing, the magistrate judge recommended that this Court grant the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 45] and to dismiss the plaintiff's ***Bivens*** action with prejudice.

---

[1] The original Report and Recommendations [Doc. 58] was amended to correct a recommendation regarding the pending Motion for Sanctions/Motion for Extension of Time to Pay initial Filing Fee [Doc. 25].

1

II.   Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The plaintiff timely filed her Objections on September 5, 2012 [Doc. 63].  Accordingly, such portions to which objection was made will be reviewed *de novo.*  This Court will review the remaining portions to which no objections have been filed for clear error.

III.   Factual and Procedural History

On September 30, 2011, the *pro se* plaintiff initiated this case by filing a petition under § 2241 [Doc. 1].  Upon preliminary review of the petition, this Court determined this action was more properly before it as a civil rights complaint against the above-named defendants pursuant to **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), the Supreme Court case which created a counterpart to 42 U.S.C. § 1983 authorizing suits against federal employees in their individual capacities. Accordingly, this Court directed the Clerk to change the nature of the suit to a **Bivens**

action. On December 1, 2011, the plaintiff refiled her Complaint [Doc. 15] to proceed with this action as a ***Bivens*** claim. Subsequently, the defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 45].

In the Complaint, the plaintiff asserts that defendant Warden O'Brien, through his "personal knowledge, practice and policy" violated her First, Fifth, Eighth Amendment rights as well as her statutorily protected rights. Specifically, she alleges that the defendants failed to advise her that another inmate, Anna Rowland ("Rowland"), with whom she had previously been incarcerated before coming to U.S.P. Hazelton, had expressed animosity toward her. She avers that despite the defendants' knowledge of Rowland's hostility toward her, not only was she was sent to U.S.P. Hazelton with Rowland, they were celled together there. She alleges that on or about August 26, 2011, in full view of many witnesses, Rowland attacked her from behind, shoved her down a flight of metal stairs, and attacked her with a lock, injuring her back and right eye. Afterwards, she alleges she received inadequate or no medical care for her injuries and was placed in a dirty cell in the Special Housing Unit ("SHU"), either for protective custody, which she denies requesting or needing, or for violation of institutional rules, for which she claims she was found innocent. She alleges that her due process rights were violated when she was kept in the SHU for 4 days without a formal hearing. She further alleges that, as of one month after the attack, Special Investigative Services ("SIS") had still refused to investigate, review security tapes, or take witness statements.

Plaintiff alleges that because the defendants interfered with her ability to file for administrative remedies, on September 12, 2011, she wrote a letter to the U.S. Attorneys'

office, requesting to file criminal charges over the attack.  She alleges the defendants retaliated against her for writing the letter by placing her back in a dirty cell in the SHU for another twenty days, in violation of her First, Fifth and Eighth Amendment rights to free speech, due process and her right to be free from cruel and unusual punishment.  Further, she alleges that she was denied cleaning materials for all but one day of her total three-week confinement in the SHU.  Plaintiff alleges that the BOP is aware that she is mentally ill and that despite having a condition with her right shoulder that requires surgery, the defendants intentionally inflicted physical, emotional and mental pain by cuffing her behind her back.

Further, plaintiff alleges that defendants interfered with her access to the courts by: not providing administrative remedy forms when requested; not processing them when submitted; not cooperating with her requests to provide copies of her inmate trust account to the courts; and not paying her court-ordered initial partial filing fee ("IPFF") when ordered to do so by this court.

Finally, plaintiff alleges that "medical" is charging additional sick call fees, she is receiving inadequate treatment for pre-existing conditions, and that the prison's dentist is refusing to make her dentures.

IV.     Analysis

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997(e)(a).  A **Bivens** action is included in such, and is thus subject to the same requirements.  See **Porter v. Nussle**,

534 U.S. 516, 524 (2002).  Exhaustion is mandatory.  **Booth v. Churner**, 532 U.S. 731, 741 (2001).  This exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes" and is required even when the relief sought is not available.  **Id**.  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted <u>prior to filing</u> a complaint in federal court.  See **Porter**, at 524 (citing **Booth**, at 741)(emphasis added).  In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . .."  **Booth**, at 741 n. 6.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).  If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within twenty (20) calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within twenty (20) days of the warden's response.  Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within thirty (30) days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R. § 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D. Md. 1997).

In her Objections [Doc. 62], the plaintiff claims that she did attempt to exhaust administrative remedies. She casts blame on the institutions and their staff for disregarding the grievance process, thereby barring her access to the courts.  These arguments, even

5

if true, are unavailing. Assuming, *arguendo*, that plaintiff had properly filed BP9s for each one of her administrative remedies as required, she did not file her first administrative remedy regarding any of the claims raised in her Complaint until September 26, 2011, *four days before* filing suit. As such, it would be impossible for her to have fully exhausted any of the claims raised. Additionally, contained within many of the later- filed administrative remedies, are admissions by the plaintiff that she first filed them in early November, 2011, which is more than one month *after* she filed suit. See [Doc. 33-1 at 1], [Doc. 33-1 at 3], [Doc. 15-2 at 1] and [Doc. 15-3 at 1]. Accordingly, because she failed to exhaust the requisite steps, it is clear that the plaintiff failed to properly exhaust her **Bivens** claims; accordingly, she cannot now do so under the BOP's administrative remedy procedures. See 28 C.F.R. § 542.10, *et seq.* Accordingly, because the plaintiff did not fully comply with the PLRA's exhaustion requirements, her **Bivens** claims must be dismissed without prejudice. *See* **Woodford**, 548 U.S. at 93-94.

V.    Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Amended Report and Recommendation **[Doc. 59]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **GRANTS** the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 45]**. Additionally, the plaintiff's Objections to the magistrate judge's R&R **[Doc. 63]** are **OVERRULED**. Accordingly, the plaintiff's Complaint **[Doc. 15]** is hereby **DISMISSED WITHOUT PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk of Court

is **DIRECTED** to enter a separate judgment order for the defendants.

Further, the plaintiff's pending Motion for Sanctions, Motion for Extension of Time to Pay Initial Partial Filing Fee **[Doc. 25]** is **DENIED** as to the Motion for Sanctions and **DENIED AS MOOT** as to the request for an extension of time to pay the initial partial filing fee; the pending Motion that Submission of Appendix Documents be Admitted as Evidence **[Doc. 33]** is **GRANTED**; and the Motions for Hearing on the Merits of Exhaustion **[Docs. 63 & 66]** are **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** October 17, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE